Judith Cregan, Bar No. 208779
jcregan@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:   916.830.7200
Facsimile:    916.561.0828

Attorneys for Defendant
MULTIPLAN, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BREWER, an individual, | Case No. |
| Plaintiff, | *[Removed from Shasta Superior Court Case No. 25CV-0207044]* |
| v. | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION** |
| MULTIPLAN INC., and DOES 1 through 25, | **[28 U.S.C. §§ 1332, 1441, AND 1446]** |
| Defendants. | Trial Date:        Not Yet Set
Complaint Filed:   February 14, 2025 |

1

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2    **EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF JAMES BREWER, AND**
3    **HIS ATTORNEYS OF RECORD:**

4    PLEASE TAKE NOTICE that Defendant MULTIPLAN, INC. ("Defendant")
5    hereby removes the above-entitled action from the Superior Court for the State of
6    California, County of Shasta, to the United States District Court for the Eastern District of
7    California. This removal is brought pursuant to 28 U.S.C. §§ 1441 and 1446. Removal is
8    based upon the original jurisdiction of this Court over the parties under 28 U.S.C. §
9    1332(a). A true and correct copy of this notice will be filed contemporaneously with the
10   Clerk of the Superior Court for the State of California, County of Shasta, and notice of the
11   removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. section
12   1446(d). Defendant makes the following allegations in support of its Notice of Removal:

### STATEMENT OF JURISDICTION

13

14   1.    This Court has original jurisdiction over this action under the diversity of
15   citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants
16   district courts original jurisdiction over civil actions where the matter in controversy
17   exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
18   "citizens of different states." As set forth below, this case meets all of the diversity statute's
19   requirements for removal and is timely and properly removed by the filing of this Notice.
20   *See* 28 U.S.C. §§ 1332, 1441, and 1446.

### VENUE

21

22   2.    This action was filed in the Superior Court for the State of California, Shasta
23   County (hereinafter "Shasta County Superior Court"). Venue properly lies in the United
24   States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 84(b),
25   1391, and 1441(a).

### PLEADINGS, PROCESS, AND ORDERS

26

27   3.    On February 14, 2025, Plaintiff James Brewer filed a lawsuit in the Superior
28   Court for the State of California, in and for the County of Shasta, captioned *James Brewer,*

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1 | *an individual, v. Multiplan Inc; and DOES 1 through 25, inclusive, Defendants*, Case No.
2 | 25CV-0207044 (hereafter, "Complaint"). Declaration of Judith Cregan ("Cregan Decl."),
3 | ¶ 2.

4 |         4.      The Complaint alleges the following causes of action: (1) Wrongful
5 | Termination in Violation of Public Policy; (2) Violation of Labor Code § 1102.5(b); (3)
6 | Failure to Timely Pay Earned Bonuses in Violation of Labor Code § 204; (4) Failure to
7 | Timely Pay Wages in Violation of Labor Code §§201, 202.; (5) Defamation; (6) Failure to
8 | Provide Personnel Records and: (7) Failure to Provide Payroll Records. The allegations in
9 | the Complaint are incorporated into this Notice of Removal by reference without admitting
10 | the truth of any of them.

11 |         5.      Plaintiff served Defendant with the Summons, Complaint, Notice of All-
12 | Purpose Assignment, Mandatory Settlement Conference, and Trial, the Superior Court of
13 | California, County of Shasta Alternative Dispute Resolution (ADR) Information Package,
14 | and Civil Case Cover Sheet on February 21, 2025.  A true and correct copy of the packet
15 | of documents Plaintiff served on Defendant is attached hereto as **Exhibit B** and constitutes
16 | all processes, pleadings and orders served upon Defendant in this action to the present date
17 | and all document filed with the state court to date. *See* 28 U.S.C. § 1446(a). Cregan Decl.,
18 | ¶ 2.

19 |         6.      On March 21, 2025, Defendant filed an Answer in Shasta County Superior
20 | Court and served a copy of that Answer on Plaintiff's counsel of record.  Attached hereto
21 | as **Exhibit C** is a true and correct copy of Defendant's Answer. Cregan Decl., ¶ 3.

22 |         7.      To Defendant's knowledge, no further process, pleadings, or orders related to
23 | this case have been filed in Shasta County Superior Court or served by any party other than
24 | as described above. Cregan Decl., ¶ 4. To Defendant's knowledge, no proceedings related
25 | hereto have been heard in Shasta County Superior Court. Cregan Decl., ¶ 4.

26 | ## INDIVIDUAL & DOE DEFENDANTS

27 |         8.      Plaintiff did not name any individual defendants in this action. Defendant is
28 | informed and believes that none of the Doe defendants in this case have been identified or

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    served. As such, they need not join or consent in this Notice of Removal and are to be

2    disregarded for the purpose of removal.  28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors*

3    *Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

4                              **TIMELINESS OF REMOVAL**

5          9.     An action may be removed from state court by filing a notice of removal –

6    together with a copy of all process, pleadings, and orders served on the defendant – within

7    thirty days of defendant receiving service of the initial pleading.  28 U.S.C. § 1446(b); *Murphy*

8    *Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal

9    period runs from the service of the summons and complaint).

10         10.    Removal of this action is timely because this Notice of Removal has been filed

11   within thirty days of February 21, 2025, when Defendants were served with the Summons

12   and Complaint.  See 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c).  Because Plaintiff

13   personally served the Summons and Complaint upon Defendant's agent for service of

14   process on February 21, 2025, the thirty-day period for removal runs through March 24,

15   2025.  As referenced above, this Notice of Removal also contains all process, pleadings,

16   and orders that were served on Defendants and reflected on the Shasta County Superior

17   Court's website.  (See Exhibits A-B.)

18         11.    Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

19            **DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332**

20         12.    Any civil action commenced in state court is removable if it could have been

21   brought originally in federal court. *See* 28 USC § 1441(a). In order to remove a case to

22   federal court on diversity grounds, two basic elements must be satisfied: (1) complete

23   diversity must exist between the parties, *i.e.*, Plaintiff and Defendant must be "citizens" of

24   different states; and (2) the amount in controversy must exceed $75,000, exclusive of

25   interest and costs. *See* 28 U.S.C. § 1332.

26         13.    This action is a civil action over which this Court has original jurisdiction

27   under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant

28   to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

the real parties to this action and the fact that the amount in controversy exceeds $75,000 exclusive of interests and costs, as set forth below.

### A. Complete Diversity of Citizenship of the Parties Exists

14.    <u>Plaintiff is a Citizen of California</u>.    Citizenship of a natural person is established by domicile.  A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 529 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

15.    Plaintiff resides in the State of California.  Cregan Decl., Ex. A, Complaint (herein after "Complaint"), ¶ 1. ("Plaintiff and Defendants are and were citizens of California at all times relevant to this action.").  Therefore, Plaintiff is a citizen of California.

16.    <u>Defendant is a Citizen of Delaware and Virginia</u>.  For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'nerve center' will typically be found at the corporation's headquarters." *Id*. at 80-81; see also *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

17.    Defendant was, at the time of the filing of this action, and still is, a corporation organized under the laws of the State of New York with its principal place of business of McLean, Virginia. Declaration of Carol Nutter ("Nutter Decl."), ¶ 3. Accordingly, Defendant is a citizen of Virginia. *Breitman*, *supra*, 37 F.3d at 564

18.    The Complaint also names as defendants "DOES 1 through 20, inclusive." The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 144l(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

19.    No other party has been named or served as of the date of this removal. Because no Defendant is a citizen of the State of California, there is complete diversity among the parties.

**B.    The Amount in Controversy Is Satisfied**

20.    The amount in controversy is determined from the allegations or prayer of the complaint.  *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Where a complaint does not seek a specific monetary amount in damages, Defendant need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 298, 403-04 (9th Cir. 1996). Further, the United States Supreme Court has held that under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). The Dart Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84, 87. Defendant need only plausibly allege that the amount in controversy exceeds $75,000,

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

exclusive of interest and costs. *Id*. at 84. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87.

21.    For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his or her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe.  *Rippee v. Boston Market Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S*., 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). "The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997) (internal citations and quotations omitted).

22.    Here, as more fully set forth below, it is "reasonably apparent from the complaint that the jurisdictional amount is in controversy" from Complaint and it Prayer for Relief. *Ibid.* In the Complaint, Plaintiff claims he "endured emotional distress, loss of wages and benefits and significant reputational harm…" Complaint, ¶ 70. He seeks punitive damages. Complaint ¶ 43. Plaintiff's Prayer for Relief seeks general damages, compensatory damages, statutory remedies, special damages, including punitive damages..." Complaint, Prayer for Relief, ¶¶ 1-6.

23.    Defendant employed Plaintiff from October 2023 until November 5, 2024. Complaint, ¶ 8.  When Defendant terminated Plaintiff in November 2024, he alleges he was earning about $45,000 per year. *Ibid.* He also earned quarterly bonuses. *Id*. at ¶ 11. Plaintiff's actual base pay at termination was $45,272.80. Nutter Decl., ¶ 5. Plaintiff's average bonus for 2024 was $1,637.50 per quarter. *Ibid*. The value of Plaintiff's employer paid benefits at termination was $8,869.32/year. *Ibid*.

7

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

### 1.     Lost Wages

24.     Although Defendant denies that Plaintiff is entitled to recover any damages, assuming, *arguendo*, that Plaintiff was awarded back wages from November 5, 2024 to present (March 21, 2025), that amount totals **$17,413.**  (Calculated based on Plaintiff's base pay rate of $870.63/week for 20 weeks (November 5, 2024 to March 21, 2025).  The value of his benefits for that period is **$3,411** (calculated based on $170.55/week times 20 weeks).  The total value of his base wages and benefits for this period is **$20,824**.

25.     Assuming Plaintiff is able to recover lost wages through the date of trial (and assuming a likely date of trial at 18 months from the date of filing this notice of removal in or about September 2026), an additional **$67,914** should be added (18 months at $3,773/month for base pay).  The additional amount of his benefits for this period is **$13,304** (18 months at $739.11/month). This would make the total amount in controversy based on past lost base pay wages and benefits at least **$102,042** from the time of termination to the time of trial.

26.     Although Plaintiff claims only "lost wages" without specifying if they are past lost wages, future lost wages, or both, if he claims future lost wages in addition to past lost wages, those future lost wages would be added to his past lost wages to determine the amount in controversy.  Such awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp*., 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus*., 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc*., 24 Cal. App. 3d 695, 705 (1972) (ten years). Even estimating that Plaintiff seeks front pay damages for only one year, the amount of future lost wages in controversy in this case would total at least an additional **$54,142** (calculating Plaintiff's actual annual wages and the value of his company paid benefits**).** (Nutter Decl., ¶ 5.)  The total then for all lost wages' damages (past and future) would be at least **$177,008**.

/ / /

/ / /

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

**Emotional Distress**

27.    Plaintiff alleges that he "endured emotional distress" due to Defendant's alleged actions. Complaint, ¶¶ 35, 41, 70.  He also prays for "damages for emotional distress and pain and suffering.  Complaint, Prayer for Relief, ¶ 3. These claims must be added to Plaintiff's claim for lost wages.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (stating that that emotional distress damages "may be considered when calculating the amount in controversy even where not clearly pled in the complaint").

28.    In order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *10 (N.D. Cal. July 11, 2008) (*citing Simmons*, 209 F.Supp.2d at 1033); see *also Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."); *see also Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses);

29.    In Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established after reasoning that the plaintiff's "emotional distress damages would add at least an additional $25,000 to his claim" where she had $55,000 in lost wages.  The *Kroske* court thus held

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

1    that the defendant satisfied the amount in controversy requirement "even without including

2    a potential award of attorney's fees." *Id.* at 980; *see also Velez v. Roche*, 335 F.Supp.2d

3    1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional

4    distress damages and concluding that "substantial jury awards of hundreds of thousands of

5    dollars for non-economic damages have been upheld where there is evidence . . . that the

6    plaintiff suffered heightened mental anguish"). In *Jeffrey Qiuhong Yang v. Global Win*

7    *Capital Corporation, Shanying* International *Holdings Corporation Limited and Kevin*

8    *Yulin Jiang*, Case No. 20STCV45192 filed in the Superior Court of Los Angeles County,

9    the jury awarded the defendant's Chief Financial Officer $200,000 in past emotional

10   distress damages for claims of fraud, employment whistleblower retaliation, breach of

11   contract and breach of fiduciary duty. Cregan Decl., Ex. D. In *Melinda Brantley, Daniel*

12   *Koos and Nicholas Lardie v. Zurich American Insurance Company*, Case No. 34-2018-

13   00246315-CU-DF-GDS filed in the Superior Court of Sacramento County, a jury awarded

14   each plaintiff emotional distress damages of $300,000 to $400,000 when they prevailed on

15   their claims of defamation and wrongful termination. Cregan Decl., Ex. D.

16       30.    Here, based on allegations in Plaintiff's Complaint, the Court can reasonably

17   assume that the emotional distress component of Plaintiff's alleged damages could be at

18   least $25,000.

19                            ***3.    Punitive Damages***

20       31.    "'It is well established that punitive damages are part of the amount in

21   controversy' for purposes of establishing diversity jurisdiction." *Gibson v. Chrysler Corp.*,

22   261 F.3d 927, 945 (9th Cir. 2001). "To establish probable punitive damages, defendant

23   may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*

24   *supra*, 209 F.Supp.2d at 1033. "The fact that the cited cases involve distinguishable facts

25   is not dispositive." *Ibid.* In *Sarah Freeman v. Bitchin, Inc., Bitchin Sauce, LLC, Bitchin*

26   *Beach Club, LLC and Starr Edwards*, filed in the Superior Court of San Diego County,

27   Case No. 37-2022-00033240-CU-WT-NC, a jury in 2024 awarded the plaintiff $5,048,000

28   in punitive damages when it found for her on her claims of sexual harassment, retaliation,

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

wrongful termination, and wage and hour violations.  The jury awarded plaintiff $67,809 in past earnings.  Cregan Decl., Ex. D.  In 2023, in *Maria Gatchalian v. Kaiser Foundation Hospitals, Kaiser Foundation Health Plan Inc., Helen Kersey and Southern California Permanente Medical Group,* Case No. 21STCV15300 filed in Superior Court of Los Angles County, a jury awarded the plaintiff (a neonatal intensive care unit charge nurse) $15,000,000 in punitive damages when it found in favor of her for her Labor Code section 1102.5 claim when she was terminated after making a complaint about unsafe practices. Cregan Decl., Ex. D.  In 2023, in *Kathleen Armstrong v. Lifecare Centers of America Inc*., Case No. RIC1902845 in the Superior Court of Riverside County, a jury awarded the plaintiff Director of Skilled Nursing $10,000,000 in punitive damages and $161,000 in lost wages on her claims of defamation and whistleblower retaliation when she complained that the facilities care standards violated state law.  Cregan Decl., Ex. D.  In 2023, in *Camille Almada v. HHCare LLC and Jacqueline Hawk*, Case No. CVPS2103064 filed in the Superior Court of Riverside County, a jury awarded the plaintiff caregiver a total of $1,000,000 in punitive damages against two defendants when if found for plaintiff on her Labor Code, intentional infliction of emotional distress, and retaliation claims for reporting her misclassification as a contract worker, with no lost wages component.  Cregan Decl., Ex. D.

32.     Here, Plaintiff alleges that he was terminated in violation of Labor Code section 1102.5(b) for reporting what he terms "the illegal practice of balance billing." Complaint, ¶ 38.  He also alleges Defendant must have defamed him because he alleges the Employment Development Department denied his claim and he has been unable to find employment since his termination.  Complaint, ¶¶ 28-30, 67.  Plaintiff's facts, claims, and causes of action are similar to those plaintiffs mentioned above to whom juries awarded punitive damages of from $1,000,000 to $15,000,000.  Possible punitive damages alone in this case surpass the $75,000 jurisdictional amount.

/ / /

/ / /

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

### 5. Attorneys' Fees

33. Plaintiff also seeks an award of attorneys' fees and costs pursuant to all applicable provisions of law. (Complaint, ¶¶ 42, 62, 78, 84, Prayer, ¶ 8.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Simmon, supra,* 209 F. Supp. 2d at 1034 (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d. 785, 788 (9th Cir. 2018) (the amount in controversy includes future attorney fees recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding the amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).

34. "The court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these provisions." Labor Code § 1102.5(j). "An employee receiving less than the wage to which the employee is entitled under this section may recover in a civil action the balance of the wages, including interest thereon, and an equal amount as liquidated damages, together with the costs of the suit and reasonable attorney's fees, …" Labor Code § 1197.5(h).

35. While Plaintiff's attorney's fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *See Simmons*, supra, *Simmons v. PCR Technology*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Beaty v. BET Holdings, Inc*., 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Plaintiff's counsel is a Santa Monica, California law firm. Complaint, caption. In *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 2:15–CV–04035–CAS (JEMx), 2015 WL 4554336, at *3 (C.D. Cal. Jul. 27, 2015) 9, the court <u>in 2015</u> observed that attorney's fees in Los Angeles generally run between

$425.00 and $725.00 per hour.)  In *Armstrong*, *supra*, plaintiff's Santa Monica and San Diego counsel in 2023 reported they would seek a $1.5 to $2 million in attorney fees and costs after plaintiff prevailed on her claims of whistleblower retaliation, wrongful termination, defamation, and wage and hour claims. Cregan Decl., Ex. D. "[A]s long as the assumptions in Defendant's chain of reasoning are reasonable, they are expressly authorized." *Narayan v. Compass Grp. USA, Inc.*, 284 F.Supp.3d 1076, 1091 (E.D. Cal. 2018) (citing *Ibarra v. Namheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

36.     Defendant conservatively estimates that if Plaintiff prevailed on any of his causes of action, Plaintiff's counsel would seek an award of at least $500,000 in attorney's fees. As a result, Plaintiff's demand for attorney's fees further increases the amount in controversy, which is already significantly above the required $75,000 threshold.

### 5.     Summary of Amount in Controversy

37.     Defendant wholly denies that Plaintiff is entitled to any damages in this case. However, when the relief sought by Plaintiff in his Complaint is taken as a whole, the amount in controversy, even using very conservative estimates, for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| | |
|---|---|
| Lost Wages from Termination to Removal | **$20,824** |
| Lost Wages from Removal to Trial | **$102,042** |
| Future Earnings (one year) | **$54,142** |
| Emotional distress | **$25,000** |
| Punitive damages | Not calculated |
| Attorneys' Fees | Not calculated |
| **Total Amount in Controversy (excluding** | **$202,008** |

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

| **punitive damages and attorneys' fees)** | |
|---|---|

38.   Plaintiff therefore specifically alleges damages in excess of the jurisdictional amount, of $75,000.00, and without admitting liability or that Plaintiff is entitled to any damages, Defendant states that there is a reasonable probability that Plaintiff's damages in this case exceeds $75,000.00, as required by 28 U.S.C. § 1332(a).

## NOTICE TO PLAINTIFF AND STATE COURT

1.   Immediately following the filing of this Notice of Removal in the United States District Court for the Eastern District of California, Defendant will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Shasta County Superior Court.

## CONCLUSION

WHEREFORE, Defendant prays that the above-referenced action now pending against them in the Superior Court of California, Shasta County, be removed therefrom to this Court.


Dated:  March 21, 2025                    LITTLER MENDELSON, P.C.


                                         _____
                                         Judith Cregan
                                         Attorneys for Defendant
                                         MULTIPLAN INC.

4905-6743-5819 / 066692.1021

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200