Zak Franklin, Bar No. 302042
zak@franklinlawpc.com
Geoffrey Warner, Bar No. 305647
geoff@franklinlawpc.com
Jonathan C. Corn, Bar No. 366159
jon@franklinlawpc.com
FRANKLIN LAW P.C.
100 Wilshire Blvd., Ste. 700
Santa Monica, California 90401
Telephone: 424.258.5129

Attorneys for Plaintiff
JAMES BREWER

Connie Michaels, Bar No. 128065
cmichaels@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone: 310.772.7204
Facsimile: 310.553.5583

Flora Feizi, Bar No. 347729
ffeizi@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Facsimile: 916.561.0828

Attorneys for Defendant
MULTIPLAN, INC.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BREWER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MULTIPLAN INC.; and DOES 1 through 25,<br><br>Defendants. | Case No. 2:25-cv-00920-WBS-ICD<br><br>**STIPULATION AND ORDER TO FURTHER MODIFY THE STATUS (PRETRIAL SCHEDULING) ORDER**<br><br>Trial Date: July 13, 2027<br>Complaint Filed: February 14, 2025 |

Plaintiff James Brewer ("Plaintiff") and Defendant Multiplan, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows, and jointly request that the Court enter an order further modifying the Status (Pretrial Scheduling) Order entered on May 12, 2026 (ECF Nos.6, 14) (the "Scheduling Order") to extend the discovery and motion cut-off deadlines therein by sixty (60) days.

**The Parties seek this relief for the same reasons set forth in their October 23, 2026 Stipulation (ECF No. 24) and because the Proposed Order they submitted with that Stipulation (ECF No. 24), which became the Order of this Court (ECF No. 25), inadvertently referred to the wrong proposed new dates. The Stipulation sought a 60-day continuance of the Discovery Cut-Off date to February 19, 2027 and the Motion Cut-off date to April 21, 2027. The Proposed Order (ECF No. 24), which became the Court's Order (ECF No. 25), mistakenly referred to dates reflecting a 30-day continuance and not the 60-day continuance sought.**

**Counsel for the Parties sincerely apologize to the Court for this inadvertent error and the additional work to the Court that has resulted from it.**

## I. RECITALS

WHEREAS, in this wrongful termination action, Plaintiff alleges Defendant wrongfully terminated his employment in violation of the Labor Code and in violation of the public policy of California;

WHEREAS, after Defendant removed this action, the Court entered the Scheduling Order on July 9, 2025, establishing deadlines for expert disclosures, discovery, motions, the Final Pretrial Conference, and trial;

WHEREAS, the Parties have been engaged in written discovery and meet-and-confer efforts for several months and have encountered disputes regarding the sufficiency of each Party's discovery responses and productions. Some of these disputes remain ongoing and unresolved. A limited number of these issues have already been brought before the Magistrate Judge. The Parties require additional time to work through the

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

remaining disputes and to complete their respective discovery obligations, including multiple fact depositions. Without the relief sought as to the existing Scheduling Order deadlines, the Parties would need to engage in motion practice before the Magistrate Judge at considerable cost to the Parties and burden to the Court. The Parties believe that judicial economy is best served by affording them the time needed to resolve as many disputes as possible without Court intervention;

WHEREAS, when Plaintiff's lead counsel on this matter, Danica Li, departed Franklin Law P.C. at the end of 2025, and Geoffrey L. Warner assumed lead responsibility for this matter in February 2026, the Court agreed to a modification of some of the deadlines in the Scheduling Order. (ECF Nos.6, 14)

WHEREAS, Defendant's lead counsel, John H. Adams, became ill and departed Littler Mendelson in October 2026, and Connie L. Michaels assumed lead responsibility for this matter on or about October 15, 2026. (ECF No. 23). Ms. Michaels requires reasonable time to become familiar with the case, which has been ongoing for over a year, complete discovery, resolve ongoing discovery disputes, and to develop and implement the litigation strategy going forward. This transition in lead defense counsel constitutes good cause for the requested modification.

WHEREAS, Plaintiff intends to take depositions of numerous fact witnesses. Defendant's counsel represents that coordinating the schedules of the witnesses whom Plaintiff desires to depose will require additional time given the logistical challenges involved in scheduling among multiple individuals across multiple locations. Defendant intends to take Plaintiff's deposition. The Parties require sufficient time to coordinate and complete these depositions without being constrained by the present discovery cutoff;

WHEREAS, the Parties would like to engage in mediation and are presently working to identify a mutually agreeable mediator and suitable dates. The Parties believe that a meaningful mediation — one in which both sides will have had adequate time to complete the relevant discovery and fully assess the merits of their respective positions — will require the schedule contemplated herein. The Parties further believe that the

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

possibility of resolution through mediation serves the interests of judicial economy;

WHEREAS, this is the Parties' third request to modify the Scheduling Order;

WHEREAS, both Parties agree this stipulation is made with requisite good cause and without improper purpose;

WHEREAS, the Parties have stipulated to request a sixty (60) day continuance of the discovery and motion cut-off deadlines set forth in the Scheduling Order;

WHEREAS, pursuant to Section IX of the Scheduling Order, any request to change the dates in it (other than the trial date) must be heard and decided by the Magistrate Judge. Accordingly, the Parties file this Stipulation before the Magistrate Judge for consideration and entry of the proposed order modifying both the discovery and motion deadlines in the Scheduling Order;

**WHEREAS, the Parties seek this relief because the Proposed Order they submitted with their October 23, 2026 Stipulation (ECF No. 24) seeking this same relief as sought herein, which became the Order of this Court (ECF No. 25), inadvertently referred to the wrong proposed new dates. The Stipulation sought a 60-day continuance of the Discovery Cut-Off date to February 19, 2027 and the Motion Cut-off date to April 21, 2027. The Proposed Order (ECF No. 24), which became the Court's Order (ECF No. 25), mistakenly referred to dates reflecting a 30-day continuance and not the 60-day continuance sought.**

NOW, THEREFORE, the Parties, through their respective counsel of record, hereby stipulate and jointly request that the Court enter an Order modifying the Scheduling Order as set forth below.

## II. GOOD CAUSE FOR CONTINUANCE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, once a scheduling order has been entered, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s `good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify its pretrial schedule "if it

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

Good cause may be found where the moving party demonstrates that it: (1) assisted the court in creating a workable scheduling order; (2) is unable to comply with the scheduling order's deadlines due to circumstances not reasonably foreseeable at the time the order issued; and (3) was diligent in seeking modification once it became apparent that it could not comply with the existing schedule. *See Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

Here, both Parties move to modify the Court's Scheduling Order (ECF Nos. 6, 14). Good cause is readily established. While the Parties assisted the Court in creating a workable schedule by timely submitting a Joint Status Report and proposing deadlines they reasonably believed they could meet, three significant developments (none of which was reasonably foreseeable at the time the Scheduling Order issued) have intervened to render compliance with the current deadlines impracticable.

First, a transition in Defendant's lead counsel occurred after entry of the Scheduling Order. Defendant's lead counsel, John H. Adams, became ill and departed Littler Mendelson in October 2026, and Connie L. Michaels assumed lead responsibly for this matter on or about October 15, 2026. Despite Ms. Michaels' efforts to complete discovery, resolve outstanding discovery disputes (many of which developed prior to her taking over as Defendant's lead counsel), and to develop and implement litigation strategy going forward, she requires additional time to complete these matters (including depositions) to avoid unnecessary burden on the Court.

Second, the Parties have encountered ongoing, unresolved disputes regarding the sufficiency of discovery responses and productions. These disputes have required repeated meet-and-confer efforts. Forcing these disputes to a head against the existing deadlines would require motion practice before the Magistrate Judge at considerable expense to both sides and burden to the Court. Both Parties have been diligent in their efforts to narrow disputes without Court intervention and believe that the additional time requested will allow them to resolve as many disputes as possible without the need for motion practice.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

Third, the Parties have reached agreement to engage in mediation and are actively working to identify a mediator and schedule mutually available dates. A meaningful and productive mediation session—one in which both sides will have had adequate opportunity to complete the relevant discovery and fully assess the merits of their respective positions—cannot realistically occur within the constraints of the current schedule. The prospect of resolution through mediation strongly favors modification of the Scheduling Order, as it would further the interests of judicial economy and conserve the resources of the Court and the Parties.

**Four, the Parties seek this relief because the Proposed Order they submitted with their October 23, 2026 Stipulation (ECF No. 24) seeking the same relief as sought herein, which became the Order of this Court (ECF No. 25), inadvertently referred to the wrong proposed new dates. The Stipulation sought a 60-day continuance of the Discovery Cut-Off date to February 19, 2027 and the Motion Cut-off date to April 21, 2027. The Proposed Order (ECF No. 24), which became the Court's Order (ECF No. 25), mistakenly referred to dates reflecting a 30-day continuance and not the 60-day continuance sought.**

This is the Parties' third request to modify the Scheduling Order. Mr. Warner and Ms. Michaels have conferred diligently since Ms. Michaels assumed lead responsibility in October 2026 and promptly filed this Stipulation upon determining that a schedule modification is necessary. *See Jackson*, 186 F.R.D. at 608.

Accordingly, the Parties respectfully submit that good cause exists to modify the Scheduling Order as set forth herein, and that doing so would serve the interests of justice and judicial economy.

## III. STIPULATION

The Parties hereby stipulate and request that the Court modify the Scheduling Order to extend fact discovery cutoff and motion cutoff by sixty (60) days, as follows:

| Deadline | Current Date | Proposed New Date |
|---|---|---|

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

| | | |
|---|---|---|
| Discovery Cutoff (including all depositions and motions not compel) | December 21, 2026 | February 19, 2027 |
| Motions Cutoff (non-emergency) | February 20, 2027 | April 21, 2027 |

All other terms and conditions of the Scheduling Order shall remain in full force and effect.

**IT IS SO STIPULATED.**

Dated: October 29, 2026

FRANKLIN LAW P.C.

***/s/ Geoffrey Warner***
Zak Franklin
Geoffrey Warner
Jonathan Corn
Attorneys for Plaintiff
JAMES BREWER

Dated: October 29, 2026

LITTLER MENDELSON, P.C.

/s/ *Connie Michaels*
Connie Michaels
Flora Feizi
Attorneys for Defendant
MULTIPLAN, INC.

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

**ORDER**

Having reviewed the Parties' Stipulation to Modify the Status (Pretrial Scheduling) Order, and finding that good cause exists pursuant to Federal Rule of Civil Procedure 16(b)(4), the Court hereby GRANTS the Parties' stipulation and ORDERS that the Scheduling Order (ECF NOS. 6, 14) is modified as follows:

| Deadline | New Date |
|---|---|
| Discovery Cutoff (including all depositions and motions to compel) | February 19, 2027 |
| Motions Cutoff (non-emergency) | April 21, 2027 |

All other terms and conditions of the Scheduling Order shall remain in full force and effect.

**IT IS SO ORDERED.**

Dated: October 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200